UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LYNELL EILEEN WAMBERG, | CASE NO. C25-5183 BHS |
| Plaintiff, | ORDER |
| v. | |
| DRIFT NW LLC, et al., | |
| Defendants. | |

THIS MATTER is before the Court on pro se plaintiff Lynell Wamberg's second

emergency motion for a temporary restraining order (TRO), Dkt. 9. The Court denied

Wamberg's prior similar motion, Dkts. 1 and 2, and ordered her to file an amended

complaint. She did so, Dkt. 4.

Wamberg's complaint fails to state a plausible claim. She asserts that she holds a

"paramount title" to her property "by virtue of a BLM Federal Land Patent" which

"establishes absolute, indisputable legal ownership superior to all subsequent claims."

Dkt. 4 at 2. The source of this paramount title is not described, and the legal authority for

it is not provided; there is none. The Court can surmise that at some point Wamberg

borrowed money using this property as collateral for her promise to re-pay that loan.

ORDER - 1

1    Wamberg attached attaches a $247,588.00, June 17, 2013, promissory note to her motion,

2    but does not reference it or explain what is invalid about it. It does include her

3    "copyrighted" signature. Dkt. 9 at 23.  But the details of the loan are not described. Did

4    she pay it back? What happened next? Other than her "paramount title," why is the note

5    unenforceable? Why is her property not security for the loan? None of these facts are in

6    the complaint. Her arguments about some prior loan having a zero balance (perhaps paid

7    off as part of the 2013 transaction), Dkt. 9 at 13, do not address the record evidence that

8    she borrowed almost $250,000.

9        Instead, Wamberg simply asserts that "the foreclosure and subsequent transfers

10    were explicitly Void ab initio (invalid from inception)." Dkt. 4 at 2. What foreclosure?

11    What transfers? Why were they void? Wamberg also repeats the spurious claim that

12    defendant Drift NW has improperly filed UCC claims on her "genetic data," though she

13    alleges no facts and provides no evidence supporting such a claim. *Id.*

14        Wamberg's emergency motion for a TRO was filed at the end of business Friday,

15    April 4, asserting that the sheriff was scheduled to "eject" her from the property on April

16    6. Dkt. 9 at 1. There is no articulation of when that ejection was scheduled, or why

17    Wamberg waited until Friday evening to seek to stop it.

18        In any event, Wamberg asserts that "defendants" failed to comply with various

19    laws regarding mortgaging servicing, and implies that these failures preclude them from

20    enforcing the terms of the parties' contracts, including the deed of trust, but she does not

21    assert any facts (or law-fact analysis) supporting that conclusion.

22

1    The purpose of a TRO is "preserving the status quo and preventing irreparable

2  harm just so long as is necessary to hold a hearing [on the preliminary injunction

3  application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters &*

4  *Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n, Inc. v.*

5  *McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). For a court to grant a preliminary

6  injunction, the plaintiff "must establish that she is likely to succeed on the merits, that she

7  is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

8  equities tips in her favor, and that an injunction is in the public interest." *Winter v. Nat.*

9  *Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008). When considering whether to grant this

10  "extraordinary remedy, . . . courts must balance the competing claims of injury and

11  consider the effect of granting or withholding the requested relief, paying particular

12  regard to the public consequences." *Winter*, 555 U.S. at 24.

13    Wamberg has not established that she is likely to succeed on the merits of any of

14  her claims. Those claims and the facts upon which they rely remain entirely unclear. And,

15  as the Court explained in its prior Order, if and to the extent Wamberg asks the Court to

16  review, reverse, or enjoin a state court decision, it cannot and will not do so. *See* Dkt. 2 at

17  2. Wamberg has not established that the public interest or the balance of equities support

18  enjoining an undescribed "ejectment" based on her unsubstantiated claims about her

19  paramount title and her lenders' conduct.

20    Wamberg's emergency motion for a TRO is **DENIED**.

21    //

22    //

1     **IT IS SO ORDERED**.

2     Dated this 7th day of April, 2025.

3

4

                                      BENJAMIN H. SETTLE

5                                    United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 4